IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY COVINGTON,                      *

      Plaintiff,                    *

                                *        Case No. DKC-22-2655

v.                              *

UNION MEMORIAL HOSPITAL, *et al.*,        *

      Defendants.

            *     *     *     *     *     *

**MEMORANDUM AND ORDER**

This case was referred to me for all discovery and related scheduling matters. ECF No. 27.

Pending before the Court are two documents filed by Plaintiff Larry Covington ("Mr. Covington"). ECF Nos. 24 & 25. The Court will treat these filings as motions to quash, or in the alternative, motions for protective orders. Having considered the parties submissions (ECF Nos. 24, 25, 31, 32, 33, 34 & 36), I find that a hearing is unnecessary. *See* Loc. R. 105.6.

Mr. Covington's submission at ECF No. 24 is a printed series of emails directed to Judge Chasanow, along with a chain of correspondence between Mr. Covington and defense counsel. In this filing, Mr. Covington (1) details the obstacles he has encountered trying to retain new counsel, (2) requests that the Court "issue a cease-and-desist order to defendant attorney from their fruitless subpoenas of [his] previous jobs and associates," (3) raises a concern that Defendants and their counsel have "tampered" with the now-withdrawn job offer that Mr. Covington received from Planned Parenthood of Maryland, and (4) accuses defense counsel of being "totally out of line" at Mr. Covington's deposition. ECF No. 24 at 1- 8. The filing also includes correspondence between Mr. Covington and the attorneys that declined to take his case, ECF Nos. 24-1 & 24-2,

correspondence between Mr. Covington and his property manager or landlord, ECF No. 24-3, and

a copy of written discovery responses, ECF No. 24-4. Mr. Covington's submission at ECF No. 25

is a request for the Court to "quash/cancel" seven subpoenas that Defendants issued to third parties.

The Court has already addressed Mr. Covington's objections to Defendants' subpoena to

third-parties Raquel Gordon and Brilliance Behavioral Health LLC. ECF No. 37. Defendants

object to Mr. Covington's motions. ECF No. 34.[1]

Construing Mr. Covington's submissions (ECF Nos. 24 & 25) as motions to quash, or in

the alternative, motions for protective orders, the Court will deny both motions.

To begin, Mr. Covington lacks standing to move to quash subpoenas issued to third parties.

Under Rule 45, a party ordinarily "does not have standing to challenge a subpoena issued to a

nonparty unless the party claims some personal right or privilege in the information sought by the

subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005); *see also In re Grand

Jury Subpoena John Doe*, No. 05GJ1318, 584 F.3d 175, 184 n.14 (4th Cir. 2009); *Eichenwald v.

Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018) ("A party generally lacks standing to challenge a

subpoena issued to a third-party absent a claim of privilege, proprietary interest, or personal

interest in the subpoenaed matter. A motion to quash, or for a protective order, should generally be

made by the person from whom the documents or things are requested."). Mr. Covington has not

plausibly asserted any privilege, proprietary interest, or personal interest in the subpoenaed matter.

Accordingly, the motions are **DENIED** to the extent that they seek to quash the subpoenas.

Mr. Covington does, however, have standing to move for a protective order. A party may

seek a protective order under Rule 26 on the grounds that a subpoena seeks information that is not

---

[1] The documents that Defendants filed at ECF 31, 32, 33, and 34 appear to be different versions of the same response.

relevant or that is not proportional to the needs of the case. *See Sirpal v. Fengrong Wang*, No.

WDQ-12-0365, 2012 WL 2880565, at \*4 (D. Md. July 12, 2012); *see also Fangman v. Genuine*

*Title, LLC*, No. RDB-14-0081, 2016 WL 560483, at \*3 (D. Md. Feb. 12, 2016) (collecting cases

in which courts have permitted parties to move for a protective order under Rule 26 to challenge a

third-party subpoena).

Mr. Covington objects to the subpoenas that Defendants issued to the following third

parties: Vie Management, LLC; Stacie Mack of the Model Cities Senior Wellness Center;

HawkOne Enterprises LLC; Seabury Resources for Aging; and, Covington Security & Solutions

Corporation. ECF No. 25. He raises a number of identical objections for each subpoena: the

subpoenas do not protect him from embarrassment; the subpoenas do not protect "[his] annoyance

on [his] job"; the subpoenas place him "at risk with [his] only income"; and, the subpoenas have

"zero bearing" on the case. ECF No. 25 at 1-4.

He also includes the following objection for each subpoena:

Defendant attorney subpoena is objectionable because it includes oppression, and/or undue burden. Under Rule 2-403 (a), allow the court to restrict the scope of discovery otherwise permitted under rule 2-402 (a). Further, this subpoena request is overbroad in that it seeks any communications regardless of how attenuated they are to the claims or material facts in this matter. As an example, the way it is worded, it would include any communication Plaintiff had with anyone that he was employed by Defendant. For instance, this might include the grocery store clerk who I mentioned something to about having worked with Defendant Further, this subpoena is overbroad in that it seeks any communications even those that would not be required to be disclosed, such as grand jury testimony. Should he recollect more, he will supplement his answer seasonably because it is overbroad. The subpoena is too encompassing and has no parameters. Further, this request is overbroad in that it seeks any communications regardless of how attenuated they are to the claims or material facts in this matter the term "otherwise relate" is too encompassing and has no parameters. It includes wholly remote and attenuated documents that would have no bearing on my claim/case.

*Id.*

In consideration of the claims and defenses at issue in this case, the Court finds that the subpoenas seek information that is relevant in the broad scope of discovery under Rule 26. The Court credits Defendants' argument that the purpose of the subpoenas is to obtain information that Mr. Covington has failed to produce that will clarify his employment and income history (and not to harass or abuse Mr. Covington or anyone else). These issues are relevant to the merits of Mr. Covington's claims and the damages that he seeks. The Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material (ECF Nos. 22 & 23) will adequately protect Mr. Covington with respect to any legitimate privacy concerns. And to the extent that the subpoenas subject the third parties to undue burden, that was an issue for the third parties to address to the Court. The Court has no record of these third parties objecting to the subpoenas on undue burden or any other basis. The same goes for Mr. Covington's concern that the subpoenas are overbroad. The Court finds that the subpoenas seek relevant information that is proportional to the needs of this case. Defendants have a right to mount a defense against the claims that Mr. Covington has brought against them. To do so, they are entitled to conduct discovery into matters that are relevant to Mr. Covington's claims and to their own defenses. And to address the concern that Mr. Covington raises in his reply (ECF No. 36), if irrelevant information is produced in response to the subpoenas, the Federal Rules of Evidence will preclude its admission. Just because a party is allowed to obtain information in discovery does not mean that the party will be permitted to use that information as evidence.

5

Accordingly, Mr. Covington's motions (ECF Nos. 24 and 25) are **DENIED**.[2]

Date: August 16, 2023                                      /s/
                                                   Timothy J. Sullivan
                                                   United States Magistrate Judge

---

[2] The Court also declines to issue a "cease-and-desist" order against Defendants and their counsel. Mr. Covington has not provided any legal or factual basis that would justify such an order.