IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY COVINGTON,                              *

    Plaintiff,                                *

                                  *          Case No. DKC-22-2655

v.                                            *

UNION MEMORIAL HOSPITAL, *et al.*,            *

    Defendants.
               *     *     *     *     *     *

**MEMORANDUM AND ORDER**

This case was referred to me for all discovery and related scheduling matters. ECF No. 27.

Pending before the Court is Plaintiff Larry Covington's ("Mr. Covington') Motion to "quash/remove" the Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material ("Confidentiality Order"). ECF No. 43. Mr. Covington seeks an order vacating the Confidentiality Order that Judge Chasanow approved and entered on June 7, 2023. ECF Nos. 22 & 23. No hearing is necessary. *See* Loc. R. 105.6. The Motion will be denied.

Mr. Covington claims that he stipulated to the entry of the Confidentiality Order only so that he could obtain discovery from Defendants in advance of his deposition. ECF No. 43 at 2. He felt "totally pressured" to agree to the stipulated Confidentiality Order but signed the stipulation anyway. *Id.* Mr. Covington now claims that Defendants have over-designated discovery materials as confidential. *Id.* He requests the Court "quash/remove" the Confidentiality Order. *Id.*

2

Mr. Covington has not shown good cause to vacate the Confidentiality Order. The Confidentiality Order contains terms that are standard in this Court. Further, Judge Chasanow carefully reviewed the parties' stipulated order and approved it with modification. ECF No. 23.

To the extent that Mr. Covington's Motion seeks to challenge particular confidentiality designations, the Motion does not comply with the terms of the Confidentiality Order. The Confidentiality Order provides that "[p]rior to filing a motion to challenge a designation of confidentiality, the parties agree to confer in a good faith attempt to resolve the issues." ECF No. 22 at 4. There is no evidence that the parties made a good faith attempt to resolve any disputes regarding confidentiality designations.

Further, the Court is uncertain what prejudice Mr. Covington has suffered under the Confidentiality Order, even assuming that certain materials have been over-designated as confidential. The Confidentiality Order restricts how confidential information may be filed and restricts to whom it may be disclosed. But it does not restrict Mr. Covington's ability to use the information to prosecute his claims in this case.

Accordingly, Mr. Covington's Motion (ECF No. 43) is **DENIED**.


Date: August 18, 2023                                 _____/s/_____
                                                      Timothy J. Sullivan
                                                      United States Magistrate Judge