IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LARRY COVINGTON,                    *

   Plaintiff,                       *

                                    *     Case No. DKC-22-2655

v.                                  *

UNION MEMORIAL HOSPITAL, *et al.*,  *

   Defendants.                      *

     *    *    *    *    *    *

**MEMORANDUM AND ORDER**

This case was referred to me for all discovery and related scheduling matters. ECF No. 27.

Pending before the Court is "Defendants' Motion to Compel Discovery Responses and Production of Documents" ("Motion") (ECF No. 38). Having considered the parties' submissions (ECF Nos. 38, 39 & 44), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted in part and denied in part.

During discovery, Defendants propounded a series of interrogatories and document production requests on Plaintiff Larry Covington ("Mr. Covington"), pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. ECF No. 38. Mr. Covington responded to the discovery requests but objected to Interrogatory Nos. 7, 9, and 10, and Document Request Nos. 2 and 20. *Id.* Defendants state that there is cause to believe that Mr. Covington has withheld information that is responsive to the discovery requests and that his previous responses require supplementation because they were both deficient and inaccurate. *Id.*

Mr. Covington objects to Defendants' Motion. ECF No. 39. He argues that the discovery requests are "overreaching," that he has had trouble remembering things due to his "trials and

tribulations," and that he has generally provided all information that is both relevant and responsive. *Id.* at 2-3. The Court will address each of the discovery requests in turn.

Interrogatory No. 7 seeks the identity of each person or entity by whom Mr. Covington was employed or for whom he performed services for the 10 years prior to his employment by Medstar Union Memorial Hospital ("MUMH") and during his employment with MUMH. The Court overrules Mr. Covington's objections to this interrogatory. This request seeks information that is relevant and proportional to the needs of the case. Mr. Covington shall produce a complete, truthful, and non-evasive response to this request.

Interrogatory No. 9 seeks the identity of each person or entity by whom Mr. Covington was employed or for whom he performed services since his employment with MUMH ended. The Court overrules Mr. Covington's objections to this interrogatory. This request seeks information that is relevant and proportional to the needs of the case. Mr. Covington shall produce a complete, truthful, and non-evasive response to this request.

Interrogatory No. 10 seeks a detailed description of all income and other earnings that Mr. Covington has "been offered, been promised, or received" from any source from the start of his employment with MUMH until the present. The Court overrules Mr. Covington's objections to this interrogatory. This request seeks information that is relevant and proportional to the needs of the case. Mr. Covington shall produce a complete, truthful, and non-evasive response to this request.

Document Request No. 2 seeks the production of Plaintiff's pay stubs, payroll records, earning records, and other documents related to his income from January 1, 2018, to the present, including his "state, federal, and local income tax returns, W-2 and 1099 forms, documents pertaining to retirement benefits and plans, health insurance, wages, salary and any other

compensation from any source whatsoever." The Court overrules Mr. Covington's objections to this document request. This request seeks information that is relevant and proportional to the needs of the case. Mr. Covington shall produce a complete response to this request.

Document Request No. 20 seeks documents that relate or reflect his financial condition for the period of January 1, 2018, to the present. The Court will sustain Mr. Covington's objections to this document request. It appears to seek the same documents that are sought in Document Request No. 2. Further, to the extent that it seeks documents beyond those sought in Document Request No. 2, the term "financial condition" is undefined. In its broadest sense, this request could require Mr. Covington to produce records of every financial transaction that he made for over five years. This would not be proportional to the needs of the case, especially because Mr. Covington will be required to produce a complete response to Document Request No. 2.

Finally, Defendants seek an order compelling Mr. Covington to appear as the Rule 30(b)(6) designee at the deposition of his company, Security & Asset Solutions ("the company"). ECF No. 38 at 13. Defendants state that the subpoena was served on or about June 15, 2023, and that it commanded the company to produce documents by July 19, 2023, and to produce a designee to sit for a deposition on July 31, 2023. *Id.* Defendants state that Mr. Covington "has produced zero responsive documents" and that he notified Defendants he would be unable to attend the deposition one day before it was to take place. Mr. Covington offered to sit for a deposition on August 3, 2023, but Defendants were apparently not available on that date. *Id.* The deposition was later rescheduled to August 7, 2023, but it appears that it did not proceed. *See* ECF No. 44 at 5 (seeking an order directing Mr. Covington to appear for a deposition of the company). The Court finds that Defendants are entitled to take the deposition of the corporate designee of Security & Asset Solutions, Mr. Covington's company. To the extent that any of Mr. Covington's objections to the

deposition are justified, they are nonetheless untimely. By August 31, 2023, Defendants and Mr. Covington shall confer and come to an agreement on a date for this deposition. If the parties cannot agree on a date for the deposition, they shall notify the Court by filing a status report on CM/ECF no later than 12:00 p.m. on September 1, 2023, and the Court will select a date and location.

Plaintiff is **ORDERED** to produce complete, executed responses to Interrogatory Nos. 7, 9, and 10, and Document Request No. 2 (*see* ECF No. 38) by **September 8, 2023**. If Plaintiff fails to comply with this Order compelling the production of discovery, Defendants may file a motion for sanctions pursuant to Rule 37(b), and the Court may impose the following sanctions against the noncompliant party:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

The Court will hold Defendants' request for an award of attorney's fees and costs *sub curia* pending Plaintiff's compliance with this Order.

Date: August 31, 2023

                                                         /s/
                                        Timothy J. Sullivan
                                        United States Magistrate Judge