IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LARRY COVINGTON, | * |
| Plaintiff, | * |
| | *    Case No. DKC-22-2655 |
| v. | * |
| UNION MEMORIAL HOSPITAL, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM AND ORDER**

This case was referred to me for all discovery and related scheduling matters. ECF No. 27.

Pending before the Court is Plaintiff's "Objection" to Topics 1, 2, 3, 5, 6, and 9 of the Rule 30(b)(6) deposition notice directed to his company, Security & Asset Solutions. ECF No. 57.[1] The Court will treat Plaintiff's Objection as a motion to quash, or in the alternative a motion for protective order. Plaintiff's motion is **DENIED** for two reasons.

First, the motion is untimely. Plaintiff has been aware of the Rule 30(b)(6) deposition topics since June 2023, yet he waited to file this motion less than a week before the scheduled deposition. *See* ECF No. 58 at 3. Plaintiff should have been more diligent in bringing his objections to the attention of Defendants and the Court. His failure to do so has required the Court to rule on the motion on an expedited basis.

---

[1] Plaintiff filed this document under seal. The Clerk will be directed to make the filing public because it contains no information that requires the protection of the Court's seal. In the future, Plaintiff is ordered to comply with Local Rule 105.11 before seeking to file any materials under seal. If Plaintiff does not comply with this order and continues to file material under seal in violation of the Court's rules, the Court may conclude that he is in contempt of Court and may certify his contempt to the presiding judge.

Second, the motion fails on its merits. Rule 26 establishes a broad scope for discovery. The deposition topics at issue, *see* ECF No. 58 at 10, all seek relevant information that is proportional to the needs of this case.

Plaintiff is ordered (1) to attend the Rule 30(b)(6) deposition on September 11, 2023, as the corporate designee of Security & Asset Solutions, (2) to be prepared to truthfully and completely answer questions involving the nine topics, and (3) to stop further inappropriate objections.

If Plaintiff impedes, delays, or frustrates the Defendants' ability to fairly examine him in his capacity as a Rule 30(b)(6) designee, the Court may impose an appropriate sanction, including reasonable expenses and attorney's fees. Fed. R. Civ. P. 30(d)(2).

If Plaintiff violates this Order, Defendants may seek other sanctions available under Rule 37(b), and the Court may impose the following sanctions against Plaintiff:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Date: September 8, 2023

          /s/
Timothy J. Sullivan
United States Magistrate Judge